THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY

*v.*

GEORGE W. F. SMITH.

NEGLIGENCE—*in railway company in permitting weeds to grow on its right of way, so as to obstruct view of highway crossing.* It is negligence in a railway company to permit or suffer weeds or anything else to grow upon its right of way to such a height as to materially obstruct the view of a highway crossing, and if injury results to stock at such crossing, that might have been avoided but for such obstruction, the company will be liable.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action on the case, by the appellee, against the appellant, to recover damages for the killing of plaintiff's mule, by a train of cars, at a public road crossing.

The declaration contains three counts, the first of which charges that the injury was caused by a neglect to ring a bell or sound a whistle within eighty rods of the crossing, as required by law. The second alleges that the defendant allowed weeds and vegetation to grow on its track and right of way, at the place where the injury occurred, to such a height and density that defendant's servants could not operate and use its locomotive and trains of cars with safety to person and property, and that, in consequence of its negligence in this respect, the plaintiff's mule was killed. The third count avers generally that plaintiff's mule was killed in consequence of the negligence of the defendant in running its train.

The defendant filed the general issue, and a trial was had, resulting in a verdict and judgment in favor of the plaintiff for the value of the mule. The opinion of the court states the facts of the case sufficiently.

Mr. F. W. BURNETT, for the appellant.

Messrs. METCALF & BRADSHAW, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought to recover the value of a mule killed by a locomotive on appellant's road. No questions of law arise upon the record.

The mule had just escaped from the owner's inclosure, and was about to pass over the track, when it was struck by the engine, and killed. It was upon a crossing over a highway. At that point, the railroad makes a curve, and, on account of weeds which the company had suffered to grow upon its right of way, the view was so obstructed the mule could not

8—78TH ILL.

be seen, and was not seen, by the engine-driver or fireman, approaching the track. Had it been seen in time, it may be it would have been practicable to have stopped the train, or at least to have slackened the speed, so as to have avoided the accident.

It was negligence in the company to permit or suffer weeds, or anything else, to grow upon its right of way to such a height as would materially obstruct the view of the highway. The safety of persons and property alike make it necessary the company should keep its right of way free from obstructions, so that persons approaching the crossing may readily ascertain whether there is danger, and the employees in charge may be enabled to discover whether there is anything on the track.

The evidence is so conflicting, we can not say the jury were not justified in finding no bell was rung or whistle was sounded for the requisite distance before reaching the crossing. In this regard, the employees of the railroad company may have been guilty of negligence that contributed to produce the injury to plaintiff's property.

On a full consideration of all the evidence, we do not feel authorized to say the jury found incorrectly. Only questions of fact were involved, and no satisfactory reason is shown for setting aside the finding of the jury. The case was fairly submitted, and the verdict must be permitted to stand.

The judgment will be affirmed.

*Judgment affirmed.*