# The Ohio and Mississippi Railway Co.

| 82 | 123 |
|----|-----|
| 29a | 97 |

*v.*

## Joseph A. Clutter.

1. Railroads—*liability for injury from neglect to keep fence in repair.* Where stock is killed or injured by reason of the insufficiency of the fences of a railway company along its track, and the fences have been out of repair so long that the company must have known it, and the owner of the stock is guilty of no negligence, the company will·be liable for the injury.

2. Pleading—*declaration—surplusage.* Where the value of stock killed by a railroad company, through negligence, is laid, under a *videlicet,* at $200, an averment that the cattle were of the value of $19.50 each, may be regarded as surplusage.

3. Instruction — *assessed value in, construed.* Where an instruction informed the jury that, in case of a finding for the plaintiff, in an action against a railway company for killing stock, the plaintiff's damages would be the "assessed value" of the cattle, and there was no proof of any assessment of their value, it was *held,* that these words must have been used and understood as the value proved or estimated by the jury, from the evidence before them.

4. Negligence—*weeds and grass on right of way.* It is negligence on the part of a railway company to permit grass or weeds to grow on its grounds so as to obstruct the view of stock by the engine-driver.

Appeal from the Circuit Court of Richland county; the Hon. James C. Allen, Judge,·presiding.

Messrs. Wilson & Hutchinson, and Mr. C. A. Beecher, for the appellant.

Mr. Justice Scott delivered the opinion of the Court:

This action was brought to recover the value of stock, belonging to plaintiff, that had been killed by the engine and cars on defendant's road. The negligence charged was, the failure of defendant to erect and maintain suitable and sufficient fences to keep cattle and other stock off the track of its railroad, as required by statute. Eight head of cattle were either killed, or so badly injured they had to be killed, and were lost to plaintiff.

Evidence introduced at the trial shows, beyond controversy, the fence along the line of defendant's railroad, that separates it from the adjoining fields at the point where the cattle got upon the track, was wholly insufficient to turn stock, and that it had been so long out of repair it must have been known to the company. Plaintiff had been guilty of no negligence in respect to the care of his stock, and proof of the omission of the statutory duty of defendant in regard to fencing its track, established the liability of defendant. On the evidence, no other verdict than the one rendered could be permitted to stand.

The total value of the stock killed is laid, in one count of the declaration, under the *videlicet*, at $200. The averment, in that connection, that the cattle killed were of the value of "nineteen dollars and fifty cents each," may be rejected as surplusage, and when that is done, no question can be made that the declaration is not sufficient to sustain the judgment for the amount found by the verdict.

There is some obscurity in the first instruction given for plaintiff, which asserts that, in case of a finding for plaintiff, his damages would be the "assessed value of the cattle killed and wounded." No evidence of any assessment of the value of the cattle killed and wounded is contained in the record. If the word "assessed" is correctly transcribed in the transcript, it must have been used in the sense of "proven," or "estimated" value, as shown by the testimony given on the trial. No other evidence of the value of the stock was given, and it must have been in this sense the jury understood the instruction. In no view that can be taken could it have misled the jury, on the evidence in the record.

The fifth instruction states accurately an abstract principle of law, viz: that it was negligence on the part of the railroad company to permit grass or weeds to grow on its grounds so as to obstruct the view of the engine-driver, and if damages should result by reason of such negligence, the company would be liable. On the authority of the case of the *Indianapolis and St. Louis Railroad Co.* v. *Smith*, 78 Ill. 112, the prin-

ciple embodied in this instruction is correct.   The application of the principle announced was rendered necessary by testimony given by the company itself, that the cattle were in the "brush and weeds" along the side of the track, and out of sight of the engine-driver until the train was near upon them.

Justice has been done, and the judgment will be affirmed.

*Judgment affirmed.*