## H. & T. C. R. R. Co. v. M. A. Shaw et al.

### (No. 996.)

DAMAGES — PARTIES.— Minor children are not necessary parties to a suit against a railroad company for killing their father, and the fact that their mother sues as their next friend could not render the judgment erroneous, as it is for their benefit either way.

DAMAGES, MEASURE OF.— The rule for the measure of damages in such cases is what the jury may think proportioned to the injury resulting from such death.

ERROR from Collin county. Opinion by WATTS, J.

STATEMENT.— The following statement is from the brief of plaintiff in error and is substantially correct:

Defendant in error, Martha A. Shaw, filed her petition in the district court of Collin county on the 14th of December, 1878, in her own right, and as next friend and natural guardian of her minor children, Elizabeth and John Shaw, alleging, in substance, that the said Martha Ann Shaw was surviving wife, and Elizabeth and John Shaw children, of Knowles Shaw, deceased; that defendant was a corporation and common carrier of passengers, operating its railroad from Houston to Dennison, through Dallas and Collin counties; that on the 7th day of June, 1878, Knowles Shaw purchased a ticket of defendant's agent at Dallas to McKinney, and took passage on defendant's train, to be transported as a passenger from Dallas to McKinney; but that in consequence of the bad condition of defendant's railroad and negligent manner of operating said train, the car in which he was riding was thrown from the track, and said Knowles Shaw killed, to their damage $100,000.

Defendant pleaded a general denial, and specially:

*First.* That its road was properly and safely constructed and maintained with due care and diligence, and that the accident was occasioned by an unusual rainstorm.

*Third.* That the accident was caused from the break-

ing of a rail from a latent defect that could not be discovered by any amount of diligence.

*Fourth.* That deceased had applied for and received a half-fare ticket, and, in consideration of the reduction of the fare, agreed and contracted to assume all risks of accident. Verdict and judgment for plaintiffs for $11,000.

Motion for new trial, notice of appeal given, and on the 24th day of May, 1880, defendant below filed its petition for writ of error, and a bond for *supersedeas.*

It is objected that the court erred in proceeding with the trial of the case when no special or other guardian had been appointed for the minor plaintiffs.

The statute in regulating actions like this provides that "every such action shall be for the sole and exclusive benefit of the surviving husband, wife, child or children, and parents of the person whose death shall have been so caused." And also that "that the action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all." R. S., arts. 2903 and 2904.

The law was the same at the time of the accident as at the institution of this suit. Pasch. Dig., art. 16.

Therefore the minor children were not necessary parties to the suit; it could have been prosecuted to judgment by their mother for their use and benefit; and the fact that she is prosecuting the same as their next friend could not render the judgment erroneous, as the result is the same either way; the suit is being prosecuted for the benefit of the mother and minor children.

After the Revised Statutes took effect, suits generally could be maintained by minor plaintiffs by next friend, without the necessity of the appointment of a special guardian, and as these statutes were in force at the time of the trial in the court below, the same could be maintained by the minors in the name of their mother as next friend; for it is provided that where the course of practice or procedure for the enforcement of rights or conducting of suits has been changed, that the same shall be conducted as near as

may be in accordance with the Revised Statutes. R. S., Final Title, secs. 5 and 6.

The proposition that the declaration of Peters, an employee of the company, made after and not connected with the accident, was admitted in evidence to the injury of the company, is not sustained by the record.

Peters, a witness for the company, testified that he was the section boss on that portion of the road where the accident occurred, and at that time the track was in good condition. On cross-examination he was asked, "Did you not say in the town of McKinney, about a week or such a matter after the Wilson creek wreck, to one Ogden, in the presence of one Moore, that you could not keep the road-bed and track in good condition because the defendant company failed to furnish the necessary iron and ties?"

The company objected to the witness answering the question on the ground that it was not bound by Peters' declarations thus made; the court held that the company would not be bound by the declarations of Peters, but that the question was proper as laying a basis for the impeachment of the witness. The bare statement of the proposition furnishes the answer, for the right thus to impeach or to lay the foundation for the impeachment of a witness is indisputable.

The court did not err in refusing the special instructions asked by the company. So far as applicable to the case made by the evidence, the same were embodied in the clear and admirable charge of the court, which was quite as favorable to the plaintiff in error as the law authorized.

It is claimed that the finding of the jury is against the evidence and excessive. The suit was for actual damages, and the statute provides that in this class of cases "the jury may give such damages as they may think proportioned to the injury resulting from such death." R. S., art. 2909.

The evidence clearly shows that the accident resulting in the death of Shaw was the result of negligence and two

of the cross-ties supporting the end of the iron rail having become so decayed that, as expressed by the witness, they could be pulled to pieces with the fingers. These rotten ties could furnish no support whatever to the fish-bars and rail, hence the same were broken, and the cars precipitated down an embankment some eighteen or twenty feet in height. The company was bound to the strictest diligence in maintaining its road-bed in good condition, and providing against such defects therein as could be ascertained and discovered by due diligence. The condition of the track, as shown by the evidence, was inexcusable, and more especially so when it is remembered that it was at a point upon the company's line where the embankment and curve added so much to the danger usually attending this mode of travel.

It appears from the record that Shaw was a robust man of middle age, and was making about $3,000 a year. At that rate, deducting reasonable expenses, a few years would cover the sum of the verdict.

In the case of The H. & G. N. R. R. Co. v. Randall, 50 Tex., 261, the late Chief Justice Moore said: "The law furnishes no fixed or defined standard for the guidance of the jury in awarding compensation for such injuries. Unless we say that an action should not lie for an injury for which there is no pecuniary measure of comparison, the amount of damages to be awarded in such cases must be left to what may reasonably be inferred to be the general sense of right and justice of the community, as indicated by the verdict of a jury of twelve men, ordinarily composed of persons engaged in different occupations and pursuits and representing all grades and conditions of social life."

The only rule prescribed by statute in the class of cases to which this belongs for measuring the damages is such as the jury "may think proportioned to the injury resulting from such death." And while this rule may seem to be indefinite and uncertain in its application, still it is the

most certain and specific that the law-makers have been able to devise.

We are of the opinion that the verdict of the jury was in accordance with the law and that the same is sustained by the evidence; therefore the judgment of the court below ought to be affirmed.

AFFIRMED.