## H. & T. C. R. R. CO., v. GEO. P. BURKE.

### SUPREME COURT, AUSTIN TERM, 1882.

*Railroad—Injury to person—Erroneous charge on measure of damages.*—The trial jury instructed the judge that " You may ascertain the value of plaintiff's services to himself before the injury and the value of his services since, and ascertain the difference, and then the jury would be authorized to give such a sum as would, at legal rate of interest, produce a sum equal, per annum, to that difference."

*Held,* To be not maintainable upon principle, as thereunder plaintiff would not only receive full compensation, but, in addition, would receive a donation.

Appeal from the District Court of Washington county.—Sayles & Bassett for appellant. P. H. & J. T. Swearingen and Breedlove & Ewing for appellee.

Appellee instituted this suit against appellant January 20, 1875, to recover damages for a personal injury resulting, as claimed, from the negligence of the appellant. The injury occurred at Chappel Hill, in Washington county, as appellee was getting off the train. The car ran over his arm at the elbow, and so crushed it that amputation became necessary, etc.

Appellant defended on the ground that the injury was the direct result of the negligence of appellee.

January 10, 1877, the case was tried, and resulted in a verdict and judgment for appellee for the sum of $6000, from which this appeal was taken. The only error assigned deemed material in the disposition of this appeal is copied into the opinion.

Opinion by Watts, J.—Upon the trial, the court instructed the jury upon the measure of damages as follows:

" You may ascertain the value of plaintiff's services to himself before the injury and the value of his services since, and ascertain the difference, and then the jury would be authorized to give such a sum as would, at legal rate of interest, produce a sum equal per annum to that difference, and not a greater sum on this item."

Appellant excepted generally to the entire charge as given, and assigned error as follows:

"6. The court erred in its charge to the jury as to the mode of estimating the damages sustained by the plaintiff."

Thus presenting the question as to the correctness of the charge as quoted above. That rule for the measure of damages announced by the court for the government of the jury is not maintainable upon principle.

Resulting from the application of that rule, appellant would not only be required to pay the annual difference between the value of appellee's services before and since the injury, but, in addition, a gross sum sufficient to produce that difference at the legal rate of interest. In other words, as to this item of damages, appellee would receive full compensation annually for his lessened ability to labor and attend to his business, resulting from the injury, and would, in addition, receive an amount sufficient to produce the annual difference at the legal rate of interest.

To illustrate the injustice of the rule, as applied in this case, suppose the jury, in making up their verdict of $6000, estimated all the other items of damage at $1000, and then estimated the difference between the value of appellee's services before and since the injury at $400 per annum, to meet that amount they awarded to him $5000, which, at the legal rate of interest, produces the $400 per annum. Thus it will be seen that, by the application of that rule, appellee would annually receive the actual compensation for the injury, and at his death the $5000 becomes part of his estate. Under the operation of that rule, appellant would not only be required to make full actual compensation, but, in addition, $5000 as a donation.

As to what particular rule for the measure of damages should be adopted in such cases, admits of some doubt, but certainly it should be that rule which would secure to the injured party compensation for the injury, and nothing more.

In the case of H. & T. C. Railway Co. v. Crowser, Texas Law Journal, vol. 4, No. 48, page 755, which was a case where death had resulted from the injury, the court, in discussing the rule for the measure of damages, said: "Perhaps the nearest measure of damages approximating this reasonable certainty would be such as would purchase an annuity, if such security was in the market, equal to the value of the pecuniary aid which the plaintiff would have derived from the deceased, calculated upon the basis of all the facts and circumstances of the particular case reasonably accessible in ev-

idence, and including the probable duration of life, as shown by the approved tables."

This rule for measuring damages thus suggested, would, doubtless, if it could be practically applied, more nearly approach actual and just compensation for injuries sustained than any other yet devised. But we are not aware of any such thing as life annuities in the market of this country. True, they are bought and sold as other secureties in some of the European markets, but it is apprehended that test could not be applied in the courts of this country, as great difficulty would be encountered in establishing the value of such annuities, when, in fact, they have no market value in this country.

Practically, no specific or definite rule of universal or even general application has yet been formulated.

That, however, which is the least liable to result in complication and confusion in its application, after all, is this: that from the facts and circumstances of each particular case, the jury should award to the party injured such sum as, in their judgment, would compensate him for the injuries sustained.

Other questions presented and urged have been settled in H. & G. N. R. R. Co. v. Randall, 50 Texas, 254, and other late cases, and need not be discussed.

We conclude that the judgment ought to be reversed and the cause remanded.

Report of Commissioners of Appeal examined, their report adopted, the judgment reversed and cause remanded.—GOULD, C. J.