THE T. & ST. L. R'Y CO. v. WM. VALLIE.

(Case No. 1543.)

1. NEGLIGENCE.— If a railway company shall neglect to cut down standing trees that may, on account of their nearness to the road-bed, be in danger when falling of obstructing the road, whereby injury results to an employee of the company, it becomes liable in damages, on account of its negligence, to such employee; and this, though the tree was standing on the land of another.

2. SAME.— Whether an employee of a railway company is guilty of contributory negligence from not being at his appropriate place on the train at the time of receiving an injury, is a matter of fact for the jury, and not of law for the court.

3. SAME.— An employee on a railway train, injured by the fall of a tree across the road-bed, is not bound to show that he did not, in entering the service of the company, assume the risk of being injured in that manner.

APPEAL from Navarro. Tried below before the Hon. John H. Rice, special judge.

This action was brought by appellee for damages caused by the falling of a tree across appellant's road-bed, whereby the engine of appellant was in the night time thrown from the track, and appellee's leg broken, for which there was a verdict and judgment for appellee for $650.

*Frost, Barry & Lee*, for appellant.

No briefs on file for appellee.

WATTS, J. COM. APP.— One of the issues presented by the petition was, that the injury was the result of the negligence of the company, in failing to clear the right of way of the tree, which had blown down across the road, and which threw the engine from the track. The charge complained of in the third assignment had reference alone to that issue; and was, in effect, if the company was negligent in this particular, and the injury resulted therefrom, then the burden would be upon the company to establish the defense of contributory negligence. This, when considered with reference to the entire charge, very clearly shows that appellant was not limited to the one defense in the case.

Where the injury results to the servant on account of defective construction, the law does not consider that the servant, in entering the service, assumed the risks incident to the defective construction. On the contrary the company are required to furnish a road-bed

properly constructed, and properly equipped with sound machinery and apparatus, and the right of way so cleared as to reasonably prevent danger from falling timber.

The statute provides for the cutting down any standing trees that may be in danger of falling upon or obstructing the road, even though the same are upon the lands of others and not upon the right of way. R. S., art. 4169. It was not incumbent upon appellee, in addition to establishing the negligence of the company in that particular, to go further and establish that in entering the service he did not assume the risks incident to that negligence.

It is claimed that the court erred in refusing the first special instruction asked by appellant. That instruction assumes, as a matter of law, that it was negligence upon the part of appellee to remain upon the engine; whereas that was a question of fact to be determined from the evidence, and not a matter of law to be assumed by the court. Upon that issue the court in the main charge had instructed the jury very fully and clearly as to the law applicable thereto, and as favorably to appellant as would be warranted by the law. Hence no necessity existed for any further instruction upon that issue.

Appellant claims that the court erred in refusing to grant the motion for a new trial, because the verdict was contrary to the evidence; first, for it appeared that appellee was negligent in being upon the engine; second, the evidence showed that the injury resulted from the negligence of a fellow-servant.

Neither of these positions is sustained by the record. It appears that appellant was directed by the conductor to go upon the engine, and there manage the brake, and the testimony is conflicting as to whether the fireman did direct him to return to his post on the top of the cars. While it was a question of fact whether or not the company had been negligent in failing to cut down the tree, the falling of which caused the injury, the finding upon these issues was sustained by the evidence. There being no error in the judgment, we conclude that it ought to be affirmed.

AFFIRMED.

[Opinion adopted December 7, 1883.]