A. F. EAMES v. THE T. & N. O. R'Y Co.

(Case No. 2050.)

1. RAILWAY COMPANY -- DAMAGES.— If by failing to keep bushes cut down on the right of way of a railroad, where stock are accustomed to roam at will, the bushes afford cover and concealment for cattle, so that their dangerous proximity to the train cannot be seen in time to avoid accident by those operating a moving train, whereby injury results (from a wreck caused by stock suddenly stepping from the bushes on the track in front of the train), the company is liable in damages.

2. DAMAGES.— An act is the proximate cause of an injury when the injury is the natural and probable consequence of the negligence or wrongful act, and which, in the light of attending circumstances, should have been foreseen.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Appellant, A. F. Eames, brought this suit for personal damages against the T. & N. O. R'y Co. for injury received in August, 1883.

Defendant filed an amended answer containing a general demurrer to plaintiff's petition, which, being sustained by the court, leave was given plaintiff to amend. Plaintiff filed his second amended original petition, to which defendant filed a renewal of his general demurrer. The court having again sustained a general demurrer, and plaintiff declining further to amend, a judgment of dismissal was entered, from which this appeal was prosecuted.

The petition stated in effect:

1. That plaintiff at the time of the accident was in the employ of the defendant, having charge of a construction or ditching train, engaged in repairing defendant's railroad.

2. That his work with said train was prescribed within the limits of Sour Lake and Beaumont stations.

3. That on the day when the accident occurred plaintiff received special orders from defendant to go with said train to a point west of Sour Lake station, and outside of said limits, for a load of wood, which orders he obeyed.

4. That while returning with the wood, at a point west of Sour Lake station, and outside of said limits, a cow jumped suddenly from behind a clump of bushes, which was growing on the right of way near the track, upon the track in front of the train, and being caught by it, was run over, causing the two foremost cars to be derailed — the jar produced thereby throwing plaintiff to the ground, with the result of breaking a number of bones in one of his ankles — without fault or negligence on his part.

5. That at the time of the accident the train was moving slowly, all the cars of which it was composed being pushed, necessarily, in front of the engine. Plaintiff and the employees on it were on the vigilant outlook for stock, being prepared, and having been instructed by plaintiff to reduce the speed of the train to two miles an hour or less in case cattle should be seen near the track, in order that hands could jump off the train, if necessary, and, running ahead of the same, drive such cattle to a safe distance before attempting to pass the same, as is essential for safety, and customary when trains are arranged as the one under plaintiff's control necessarily was on said occasion.

6. That, owing to the size and density of said bushes, said cow was not seen, nor could it have been seen, by any employee on said

train, by the exercise of ordinary vigilance, until too late to have averted said accident, but that had said bushes been kept cut down, it would have been seen in ample time to have averted the same by the use of means usual and customary in avoiding collision with stock in case of construction trains operated in the manner in which plaintiff was then and there necessarily compelled to operate said train.

7. That the track of defendant's railroad at and in the vicinity of the place where the accident occurred was unfenced, and extends through a country in which cattle and all kinds of domestic animals are permitted to roam at large, such animals being at the time of said accident in the habit of roaming across and in the vicinity of defendant's track at said point, as defendant well knew.

8. That it was impossible to operate the trains on said railroad, in the vicinity of said bushes, with any reasonable degree of safety, by reason of the fact, among others, that such animals were liable to remain concealed in said bushes until too late to avert or lessen the chances of accidents of the nature of the one described hereinbefore, and that in the case of a construction train like that operated by plaintiff, the danger arising from the above cause was unusually great.

9. That defendant, in failing to keep said bushes cut down, and the view of the right of way unobstructed, failed to use reasonable care in preserving said right of way in a reasonably safe and proper condition.

10. That defendant knew, and might have known by the exercise of reasonable diligence, of the fact of said bushes being on said right of way, as stated above, for a long period previous to said accident, and that defendant knew, and might have foreseen by the exercise of ordinary sagacity, that an accident of precisely the same character as that detailed above might probably ensue from defendant's failure to keep said bushes cut down, and that thus said accident from said cause might reasonably have been anticipated by defendant.

11. That the proximate cause of said accident was the failure of defendant to exercise reasonable care and diligence in providing and maintaining a reasonably safe right of way at the place where said accident occurred, such failure being gross negligence on the part of defendant, and said accident having thus been caused by such gross negligence.

12. That plaintiff never had any reasonable opportunity of becoming familiar with said right of way at said point where said

accident occurred, previous to its occurrence, said point being, as aforesaid, outside of the regular limits on said road assigned to plaintiff, and that he was wholly uninformed of the fact of said bushes being there until the accident occurred.

13. The petition contained all the necessary allegations in regard to the nature of the injury to plaintiff, and the damage sustained by him.

*Brady & Ring*, for appellant, cited, on duty of railroad company toward employees in regard to right of way: Railroad Co. *v.* Vallie, 60 Tex., 481. Defects in road-bed: Railroad Co. *v.* Mc-Namara, 59 Tex., 255; Railroad Co. *v.* Dunham, 49 Tex., 189. In regard to machinery and appliances generally: Railroad Co. *v.* Lyde, 57 Tex., 509. Must keep same in order: Railroad Co. *v.* Marcelles, 59 Tex., 334. Negligence a question for jury: Railroad Co. *v.* Randall, 50 Tex., 254; Railroad Co. *v.* Graves, 59 Tex., 330; Railroad Co. *v.* Murphy, 46 Tex., 360; Railroad Co. *v.* Richards, 59 Tex., 373; Watson *v.* Railroad Co., 58 Tex., 434.

*E. P. Hill*, for appellee, cited: Cooley on Torts, 550 and 551; pp. 69, 70, note 1, and 78, n; Underhill on Torts (Moak's), 60; Porter *v.* Hannibal, etc., R. R., 71 Mo., 66; Insurance Co. *v.* Tweed, 7 Wall., 52; Railroad Co. *v.* Kellogg, 94 U. S., 469; Lewis *v.* Flint, S. C. Michigan, June, 1884; T. & P. R. R. *v.* Anderson, 4 Tex. L. R., 211.

WALKER, P. J. COM. APP.—It would be a superfluous exaction of the law to hold railroad companies responsible for injuries occasioned by defective tracks, to require them to maintain sound and safe machinery and other like essential requisites for safe transportation over their roads, if they are to be exempted from liability for injuries resulting from such inattention to causes of peril existing within their right of way as threaten danger, and which proper care is competent to prevent. The general law of the state regulating railroads seems to contemplate and to provide means to such companies for guarding against some of the dangers to which the track is subjected from causes incidental to making embankments, excavations, and from timber liable to fall upon the track. See art. 4168, R. S., which gives to such corporations two hundred feet in width of land for a right of way, and provides that, for the purpose of cuttings and embankments, they may take as much more land as may be necessary for the proper construction of the railway, "and to cut down any standing trees that may be in danger of fall-

ing upon or obstructing the railway, making compensation in the manner provided by law."

It is a matter of common knowledge that cattle run at large in this country, and that their sudden and unexpected appearance on a railroad track, in proximity to and in front of a train in motion, is an obstruction to it which is attended with great danger to the passengers, resulting often in the most serious and tragical disasters.

The facts alleged by the plaintiff in his petition show that on the defendant's right of way, and quite near to the track, the railway company had, in effect, by permitting bushes to grow to such an extent as to afford a cover to cattle, so that they might from such secret retreats suddenly get upon the track, so endangered the safety of the passing trains as to render it impossible for either care or skill on the part of the company's servants to prevent a collision with such cattle.

It was alleged, also, that at that point cattle and all kinds of domestic animals were in the habit of roaming across and in the vicinity of the defendant's track, which fact the defendant well knew; that the danger from such animals remaining concealed in the bushes until too late to avert or lessen the chances of accident rendered it impossible safely to operate trains along that part of the road. The petition alleged the want of diligence of defendant in failing to cut down the bushes, and thus preserving the view of the right of way unobstructed, for the want whereof the alleged accident occurred.

From the facts alleged the court cannot say, as a matter of law, that the defendant was not guilty of negligence, and that no liability can arise upon the facts stated for the injury sustained by the plaintiff. The court erred in determining, upon demurrer, that negligence by the defendant *might not be reasonably inferred* from the facts alleged by the plaintiff. It is for the jury to say from those facts, when submitted to them, whether negligence *ought to be inferred.*

It is undoubtedly true, as a matter of law, that °culpable negligence for which a railroad company may be liable in damages may arise from defects or obstructions allowed to exist in its right of way, where they cause accidents under circumstances that will charge such company with a want of care in preventing their occurrence through such defects or obstructions. T. & St. Louis R'y Co. *v.* Vallie, 60 Tex., 481. And it is a question of fact, in the given case, whether the omission or neglect, which is imputed as the cause of the accident, constituted neglect or not.

The application of the rule under consideration was made in the case of The Indianapolis & St. Louis R. Co. v. Smith, 78 Ill., 112, where it was held that it is negligence in a railroad company to permit or suffer weeds or anything else to grow upon its right of way to such a height as to materially obstruct the view of a highway crossing, and if injury results to stock at such crossing, that might have been avoided but for such obstruction, the company will be liable. It was said in the opinion that the safety of persons and property alike make it necessary that the company should keep its right of way free from obstructions, so that persons approaching the crossing may readily ascertain whether there is danger, and the employees in charge may be enabled to discover whether there is anything on the track.

The principle must alike be applicable elsewhere on the railroad's line of track besides at crossings; but whether in a given instance or occurrence of accident in any particular case, the obstruction or defect complained of in the right of way inducing it constitutes negligence in the company for which it shall be held liable, is a question of fact. If on the face of the petition under the facts alleged such negligence might properly or reasonably be inferred, as before remarked, the petition ought on demurrer to be held sufficient.

Employees of the railroad company are under the protection of the rule of law which holds the company responsible for neglect in respect to its right of way. See Railroad Co. v. Marcelles, 59 Tex., 334; Railroad Co. v. Vallie, 60 Tex., 481; Railroad Co. v. McNamara, 59 Tex., 255; Railroad Co. v. Dunham, 49 Tex., 189. On the proposition that negligence or not is a question for the jury, see Railroad v. Randall, 50 Tex., 254; Railroad v. Graves, 59 Tex., 330; Railroad v. Murphy, 46 Tex., 360; 59 Tex., 373; 58 Tex., 434.

Do the facts alleged show that the cause of the injury was too remote to entitle the plaintiff to recover? If under any view of them which, under adduced evidence concerning the allegations made in the petition, it could be shown that, a construction train of cars being operated as they ordinarily are required to be operated in going back and forth upon the road, it might reasonably have been foreseen and anticipated by the defendant that thick bushes like those described, situated as they were relatively to the road track, might, in the ordinary course of things, cause such an accident from cattle thus hidden from view as did occur, the damage resulting therefrom would not be too remote, but would be sufficiently proximate to warrant a recovery. "An act is the proximate cause of an injury

when the injury is the natural and probable consequence of the negligence or wrongful act, and which, in the light of attending circumstances, should have been foreseen." Jones v. George, 61 Tex., 346; Railroad Co. v. Kellogg, 94 U. S., 475; Mahar v. R. R. Co., 13 Am. & Eng. R'y Cases, 572; Savage v. R. R. Co., id., 566.

The petition was not subject to the demurrer on that ground. " What is the proximate cause of an injury is ordinarily a question for the jury, and is not a question of science or legal knowledge." Jones v. George, *supra*, and the authorities there cited; and see Mc-Afee v. Crofford, 13 How., 454.

The demurrer admits the truth of all the facts alleged, and we think, under such a concession, that it follows that the plaintiff set forth a cause of action. We are of the opinion that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted March 27, 1885.]