# Chicago & Eastern Illinois Railroad Company
## v.
## Alice Tilton.

*Railroads— Highway  Crossing— Negligence — Obstructions — Instructions.*

1.   There is a distinction between acts of negligence that may be declared by the court as matter of  law, and such as must be found by the jury. When the standard of duty is fixed and invariable under all circumstances, its omission is negligence and may be so declared by the court.

2.   In an action against a railroad company to recover damages for an injury caused by a collision at a road crossing, it is proper to instruct the jury that it is negligence on the part of a railroad company to suffer hedges or trees to grow upon its right of  way to such a height as materially to obstruct the view at road crossings.

3.   The court may state what obstructions are unlawful, but the jury must determine whether the obstructions in question are such as are prohibited.

### [Opinion filed May  25, 1888.]

Appeal from the Circuit Court of  Vermillion County; the Hon. J. W. Wilkin, Judge, presiding.

On petition for re-hearing.

Messrs. William Armstrong and J. B. Mann, for appellant.

Messrs. H. M. Steely and F. Bookwalter, for appellee.

Conger, P. J.   A petition for re-hearing has been filed in this case [26 Ill. App. 362,] in which it is insisted that the reasons given in the opinion filed in this cause for condemning the eighth of appellant's instructions apply with equal force to the first and second instructions given for appellee; that it is invading the province of  the jury as much for the court to tell them as matter of  law that "a railroad company

has no right to permit or suffer a hedge-row, trees or anything else to grow upon or overhang its right of way to such a height as to materially obstruct the view of a highway or street crossing," as to tell them it is negligence in one attempting to cross a railroad track, not to stop and listen and look for approaching trains.

Upon a careful re-consideration of these instructions we are of opinion there is a clear distinction between them, and that the first announces a correct principle, while the eighth does not.

Acts of negligence that may be so declared by the court, as matter of law, and such as must be found to be so by the jury, are clearly distinguishable.

The rule is well stated in Westchester & Phil. R. R. Co. v. McElwen, 67 Pa. St., where it is said: "The law is well settled that what is and what is not negligence in a particular case is generally a question for the jury, and not for the court. It is always a question for the jury, when the measure of duty is ordinary and reasonable care. In such cases the standard of duty is not fixed, but variable. Under some circumstances a higher degree of care is demanded than under others, and when the standard shifts with the circumstances of the case, it is in its very nature incapable of being determined as matter of law, and must be submitted to the jury to determine what it is, and whether it has been complied with. But when the standard is fixed, when the measure of duty is defined by the law and is the same under all circumstances, its omis- sion is negligence, and may be so declared by the court. And so when there is such an obvious disregard of duty and safety as amounts to misconduct, the court may declare it to be negligence as matter of law. But where the measure of duty is not unvarying, where a higher degree of care is demanded under some circumstances than under others, when both the duty and the extent of its performance are to be ascertained facts, a jury alone can determine what is negligence and whether it has been proved."

In Wharton's Law of Negligence, Sec. 420, it is said: "The question of negligence is one of mingled law and fact, to be

decided as a question of law by the court when the facts are undisputed or conclusively proved, but not to be withdrawn from the jury when the facts are disputed and the evidence conflicting." See Thompson on Negligence, Vol. 2, p. 1236.

For a railroad company to suffer hedges or trees to grow upon its right of way to such a height as to materially obstruct the view at a public road crossing, we think is negligence, and it may be so asserted by an instruction. It is a fixed condition, not depending upon the particular circumstances of each case, but always and under all circumstances increasing the danger to those attempting to cross the track. The duty of the company to prevent such obstructions is always the same, and hence the omission of such a duty is always negligence.

Nor does this rule do violence to the general proposition that when the standard of duty varies with the circumstances of each case, the question of negligence is for the jury, and not for the court.

In the case at bar the court was authorized to instruct the jury, as matter of law, that appellant had no right to suffer a hedge row to grow upon or overhang its right of way to such a height as to materially obstruct the view at a street or road crossing; but whether there were obstructions of the character indicated by the instructions, would be a question of fact for the jury. The character of obstructions alleged to be upon the right of way, and whether they did or did not materially obstruct the view, would vary with the changing circumstances of each particular case, and hence the jury, and not the court, must determine in each case whether they were forbidden by the rule of law given them by the court.

While our statute has not declared such obstruction to be unlawful, the Supreme Court, in a number of cases has; and we apprehend these repeated rulings have fixed the duties of railroad companies in reference to this subject as conclusively as an act of the Legislature would have done. O. & M. Ry. Co. v. Clutter, 82 Ill. 123; Ind. & St. L. R. R. Co. v. Smith, 78 Ill. 112; Dimmick, Adm'r, v. C. & F. W. R. R. Co., 80 Ill. 338; C., B. & Q. R. R. Co. v. Lee, Adm'r, 87 Ill. 454; R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 235.

In the Clutter case, *supra*, an instruction that " it was neg-
ligence on the part of the railroad company to permit grass or
weeds to grow on its grounds so as to obstruct the view of the
engine driver," was approved and declared to embrace a cor-
rect principle.

As to the second of appellee's instructions, we do not
desire to enlarge upon what was said in reference to it in the
opinion. We then said that it could only be understood by
the jury as applying to the question before them as to whether
the train of appellant was running at a greater rate of speed
than allowed by the ordinances.

The re-hearing will be refused.