Seney, J.
The Pennsylvania Company owns and operates aline of telegraph from Bloomville, Ohio, to Mansfield, Ohio. The Western Union Telegraph Company owns and operates a line of telegraph from Mansfield, Ohio, to Holgate, Ohio. On the 4th day of January, 1892, one J. F. Kester, who was the son of the plaintff, for and on behalf of her, and as her agent, presented to the agent of the Pennsylvania Company at its office in the said village of Bloomville, Ohio, for transmission to Holgate, Ohio, the following message :
Bloomville, January 4, 1892.
H. J. Kester,
Holgate, O.
Father dead; send word to Brinkman, funeral Wednesday. Eleven A. M.
J. F. Kester.
That he paid to said agent the usual charges for the transmission of a like message to Holgate, Ohio, and the full amount charged for the transmission of said message.
*237 That the Pennsylvania Company duly delivered said message at Mansfied, Ohio, to the defendant The Western Union Telegraph Company, which company duly received it for transmission to Holgate, Ohio. That the defendant did not transmit or deliver said message to the said H. J. Kester, owing to the carelessness and gross negligence of said defendant.
That on the 3rd day of January, 1892, said plaintiff’s husband died in Crawford County, Ohio. That had said message been promptly delivered. to said H. J. Kester, he could have and would have gone to the home of the plaintiff (his mother), and would have been with her to comfort and console her during her great grief; that the presence of her said son would have been a comfort and a consolation to said plaintiff, and would have greatly lessened her grief; but in consequence of the said carelessness and gross negligence of said defendant, said H. J. Kester had no knowledge of the death of his father until after the funeral, when he received a letter notifying him of the death and burial of his father. That said plaintiff lived a considerable distance from a railway station ; said plaintiff was put to great extra expense in having men go to said station and wait for the train, on which the said H. J. Kester might have arrived had he received said message; that said plaintiff, fully éxpecting and relying upon the arrival of said H. J. Kester, delayed the funeral of her husband for a long time. That said plaintiff' was greatly worried and distressed in mind by reason of the non-arrival of her son, and suffered great pain, mental anxiety and distress; that the injury inflicted^on her feelings was painful in the extreme, and by reason thereof she was damaged in a certain sum alleged .in her petition.
Do the facts as stated entitle the plaintiff to recover, is the question presented to the court by a petition in error, by reason of the common pleas court having sustained a general demurrer to the petition alleging said facts.
*238 The petition in the lower court contained two causes of action. The first cause of action claimed a recovery by reason of sections 3462, 3463 and 3465, of the Revised Statutes of Ohio. The second cause of action claimed a recovery by reason of the breach of a contract, or a wrong inflicted by the breach of a contract.
Section 3462 of the Revised Statutes, provides:
“ Every company, incorporated or unincorporated, operating a telegraph line in this state, shall receive dispatches from and for other telegraph lines, and from or for any individual; and on payment of its usual charges for transmitting dispatches as established by the rules and regulations of the company, transmit the same with impartiality and good faith, under a penalty of one hundred dollars for each case of neglect or refusal so to do, to be recovered, with cost of suit, by civil action in the name and for the benefit of the person or company sending or forwarding, or desiring to send or forward the dispatch.”
Section 3463 of the Revised Statutes, provides :
“ When the person who sends a dispatch desires to have it forwarded over the line of other telegraph companies, whose termini are respectively within the limits of the usual delivery of such companies, to the place of final destination, and tender to the first company the amount of the usual charges for the dispatch to the place of final delivery, the company shall receive the same, and, without delaying the dispatch, shall pay to the succeeding line the necessary charges for the remaining distance; and the succeeding line shall accept the same, and forward the dispatch in the same manner, as if the sender had appeared to it in person and paid the usual charges, and for the omission so to do it shall be liable to a like penalty, as provided in the last section.”
As to Section 3465 of the Revised Statutes, we do not think it has any application to the facts in the case.
These sections of the statute are penal, and being such must be strictly construed.
The person that can maintain an action for this penalty is limited to the one “sending or forwarding, or desiring to *239 send or forward the dispatch.” The one that sends is the person whose name is attached to the dispatch. The one that forwards has reference to the company that forwards it upon its delivery from another company, which had received it from the sender. The one desiring to send is the person who presents it to the company for transmission.
The succeeding line or company, before it is subjected to the penalty as provided by section 3463, must be paid for its service in advance by the first company. Otherwise it is under no obligation to any one to forward the dispatch.
Applying these rules of construction to the facts in the case, and we find that the plaintiff had no cause of action against the defendant for the claimed violation of those sections of the statute.
The Pennsylvania Company received and accepted the dispatch from the sender, J. F. Kester, whose name is attached to the dispatch. So it was not the action of one desiring to send. The plaintiff Sevilla Kester is not the sender of the dispatch, for her name is not attached thereto. The Pennsylvania Company, who received the dispatch from the sender, J. F. Kester, did not pay the necessary charge for the remaining distance to the succeeding line, viz.: the defendant, The Western Union Telegraph Company.
As to the second cause of action, it presents the question as to whether or not the plaintiff can recover for mental pain, distress or anxiety alone, where neither pecuniary loss or physical injury accompanies the mental pain and distress. We think it well settled, as the law of the country, that where a physical injury occurs, caused by the negligence of a defendant, that included in the damages may be mental pain and distress. The reason assigned is, that the pain incident to the physical injury is one and inseparable from the mental pain. As they cannot be separated, a recovery can be had. The physical pain cannot be measured by any certain, definite and specific rule, and is left to the discretion of the jury, as *240 to the damages sustained thereby. While such damages are in their nature speculative damages, they are taken out of the genera] rule, viz.: that remote and speculative damages cannot be recovered, from the fact that from the injury sustained, the physical pain necessarily endured is susceptible of proof.
While this is true, learned courts of the country and able textwriters are greatly in conflict as to whether an action lies for mental pain and distress alone.
Prior to the year 1880, the question remained undisturbed, where it had remained always, viz : that a recovery could not be had. . But in that year the Supreme Court of Texas, in the case of O. C. So Relle v. The Western Union Telegraph Company, reported in the 55 Texas, page 308, (a case similar to the one before us), held that a recovery could be had. It based its decision upon two authorities; first, the case of Hays v. The Houston G. N. R. R. Co., reported in 46 Texas, page 272, and the case of Houston G. N. R. R. Co. v. Randall, 50 Texas 254, both of which cases were not in point, for the reason that there was a physical injury in each case; and second, upon the authority of Shearman & Redfield on Negligence, which authors neither gave reason or authority for their opinion. This decision has been reversed and modified by the same court by subsequent decisions, so that it is not entitled to much weight. Other states following this decision have held the same, while other state and federal courts hold that no recovery can be had.
Some rulings reject such evidence in all cases which are based on breach Of contract; others reject it where there is no element of recovery other than mental suffering, but receive it in aggravation when there is another independent cause of action. On this last principle, a distinction is taken, in some cases, between suits in which the sender is plaintiff, and those in which the sendee complains. In the one case, the suit is by a party to the contract, who can maintain an action for its breach, even though he may be able to recover only nominal *241 damages. In the other, there is no privity of contract, and there can be no recovery, except for actual damages proved..
Our own Supreme Court has never, as we are aware, passed upon the question, and with this conflict in the authorities, we prefer to decide the case before us upon what we consider well-known principles of law.
The dispatch upon which this action is founded, reads :
“Bloomville, Jan. 4, 1892.
“H. J. Kester,
“ Roígate, O.
“ Father dead; send word to Brinkman, nesday, eleven A. M. Funeral, Wed-
“J. F.. Kester.”
By the delivery of this dispatch to the Pennsylvania Company, and its acceptance thereof, and by the payment of the charge thereon, that company, in law, contracted with J. F. Kester to deliver, within a reasonable time .thereafter, said dispatch to the person to whom it was addressed, by the Pennsylvania Company delivering the dispatch to the defendant, the Western Union Telegraph Company, for the same purpose. The Western Union Company became a privy to the contract, and bound by its terms, upon the doctrine of the duties and obligations arising upon the relation of common carrier.
For the violation of this duty, whether the action brought is one ex delicto or ex contractu, the liability is the same, viz: damages arising from a breach of the contract or duty. What are those damages ?
"In case of failure to deliver a telegraphic message, the company is only liable for such damages as naturally flow from the breach of contract, or such as may fairly be supposed to have been within the contemplation of the parties, at the time the contract was made.'”
So says our Supreme Court in the case of The First National *242 Bank of Barnesville v. Western Union Telegraph Company, 30 Ohio St. 555.
In the case of Kennard v. Telegraph Company, 41 N. Y. 544, which is cited with approval in the case of The First National Bank of Barnesville v. The Western Union Telegraph Company, that court says: “ The damages must flow directly and naturally from the breach of contract, and they, must be certain, both in their nature and in respect to the cause from which they proceed. Under this rule, speculative, contingent, remote damages, which cannot be directly traced to the breach complained of, are excluded.”
Can damages resulting from mental pain, distress or suffering “ be supposed to have been within the contemplation of the parties?” They cannot, if such damages are not certain, and are speculative, contingent or remote, for all parties contract with knowledge of the law, and they cannot have in contemplation damages which the law denies.
In the case before us, would H. J. Kester have gone to his mother’s relief if he' had received the message? — Uncertain. Would he have offered words of comfort and consolation if he had gone? — -Uncertain. Was the mother in grief over the death of her husband ? Uncertain. If she was, would the presence of her son assuage her grief?— Uncertain. Won!d her mental distress or suffering have been different — greater or less, with the son present ?— Uncertain. True, it can be said that these are extrinsic facts that could be pleaded and proven. By whom? no one except the mother and son ; as to the suffering and distress, no one but the mother, for who could tell but her; and thus the other party to the contract, the telegraph company, would be at the tender mercies of the party contracted with. This would open wide the door to fraud. What would the damage be, how can it be answered? What rule will we adopt ? Nothing but speculative, dependent upon many, many contingencies, that in the nature of things, could only be in the mind of one of the contracting parties. A debt contracted. Its punctual payment may be *243 the cause of great anxiety; payment refused, may cause great distress and suffering in mind. These may all be contemplated by the creditor. Should he recover damages for it ?
Tyler & Tyler, attorneys for plaintiff in error.
Henry Newbegin, attorney for defendant in error.
Something occurs upon one of our great trunk railroad lines, through the negligence of the servants of the company; no one is injured physically, but a hundred or more passengers are more or less frightened; through the fright they suffer more or less mental pain and distress. Should they recover damages for this ? If so, the days of commerce, and the manner of travel will soon terminate, for no common carrier could pay the damages that juries would award. Better by far, that an occasional private mental suffering should be endured without redress, produced by the occasional neglect of an agent of a public servant, than that the public at large should suffer, by a rule of law adopted that would deprive the public of the services of its servants. The private injury should give way to the public good. So we hold that damages cannot be recovered from a telegraph company for mental pain and suffering from simple negligence, unless accompanied with pecuniary loss or physical injury.
It is urged in argument, that if this is the law, the court below erred in sustaining a general demurrer, for the reason that for a breach of the contract the plaintiff was entitled to recover at least nominal damages. It is a sufficient answer to this to say, that the plaintiff was not a party to the contract; there was nothing in the dispatch to inform the telegraph company that the plaintiff had any interest in or connection with the subject matter of the dispatch.
For these reasons the judgment of the court of common pleas will be affirmed, with costs.
[For the opinion of the U. S. Circuit Court, N. D. O., by Tait, J., in a case between the same parties for the same cause of action, to the same effect, see 29 Weekly Law Bulletin, 259.]